{¶ 26} I respectfully dissent from the majority opinion. I agree that the trial court erred when it failed to find defendant to be a habitual sex offender and that the case should be remanded for the trial court to make that determination. Although the evidence may have been sufficient to support a finding that defendant is a sexual predator, I do not agree that the manifest weight of the evidence supports such a finding. In other words, the trial court did not err in determining that defendant was not a sexual predator.
 {¶ 27} As the majority noted, the standard of proof in a predator hearing is clear and convincing evidence. State v. Cook (1998),83 Ohio St.3d 404, 424. For a determination that a defendant is not a sexual predator, the court need find only that the manifest weight of evidence does not clearly and convincingly support a finding the offender is likely to commit another sex offense.
 {¶ 28} In the case at bar, the trial court considered all the factors found in division (B) and determined that the evidence was not clear and convincing that defendant would commit another sex offense. Although defendant received a Static-99 score of 5, which is the second highest score available, this court has previously found that the Static-99 test is a weak tool for predicting future sex offense. State v. Elie, Cuyahoga App. No. 83169, 2004-Ohio-3127, at *7.
 {¶ 29} The majority opinion references portions of the record which lean toward a finding of sexual predator, but it ignores the strong evidence supporting the court's ruling. For example, addressing the age of the victims, the trial court noted that at the time of the offenses defendant was a man in his twenties and the offenses were against adult women.
 {¶ 30} In considering two more factors, prior criminal history and number of victims, the trial court noted that, although there were multiple victims in the rapes, it believed that "the period of time that has elapsed since" then was "significant" because "these offenses occurred 28 or more years ago." Tr. at 267. The court also pointed out that defendant had not used any drugs or alcohol to facilitate commission of the prior rapes. Tr. at 268.
 {¶ 31} The majority points out that defendant did not participate in any sex offender programs while he was in prison. The record shows, however, that defendant participated in a sexual offender program during his parole.
 {¶ 32} Another factor the court considered was defendant's history of mental illness. The court availed itself of the opportunity to question all the witnesses extensively, including the staff psychologist at the Adult Parole Authority and the Chief Psychologist for the Common Pleas Court Psychiatric Clinic. The testimony of these doctors showed that although defendant is mentally ill, his illness does not make him more or less likely to reoffend than a sex offender who is not mentally ill. Tr. at 210. The testimony also indicated that although the rapes were "angry rapes," defendant has evolved from an angry young man into "a much more mature, stable, thoughtful person who cares for his handicapped wife in a very loving way." The court further observed: "he's certainly taking a lot of positive steps." Tr. at 162.
 {¶ 33} Dr. Aronoff pointed out that defendant has an antisocial personality disorder and that, even if an offender does not act out for twenty years, the diagnosis of antisocial personality disorder remains. Tr. at 218. Dr. Aronoff added, however, that many people with antisocial personality disorder "age out" of antisocial behavior. Because of this qualification, along with defendant's age and lack of repeated antisocial behavior, I believe we cannot conclude that he is likely to reoffend from his earlier record when he was an angry young man who was not in a loving relationship.
 {¶ 34} The court noted that, although defendant had an alcohol problem and had a DUI within the last year and although defendant has an antisocial personality disorder, the antisocial activities of the defendant in the 1970s were much less indicative now. In deciding that defendant was not a sexual predator, the trial court also considered defendant's lack of sex offenses since 1978. It observed that currently defendant had a stable relationship with his wife and assisted her with her disabled son. The court also noted defendant's low sexual interest at this time as determined by the sexual predator evaluation. Finally, the court pointed out that defendant had no offenses against children. The psychologist had explained that offenses against children were the highest predictor of reoffending.
 {¶ 35} Considering whether defendant demonstrated cruelty during the rapes, the trial court noted that defendant used aggressive threats. The court observed, however, that "although there were threats, beyond the sexual offense, there was no physical harm that was done to the victims." Tr. at 270. The court determined that the only force or violence shown by defendant was what was necessary to impair the victim enough to accomplish the rapes. It did not find, therefore, that cruelty was a factor against defendant.
 {¶ 36} In addressing the nature of defendant's conduct and whether it constituted a pattern of abuse, the court noted that the multiple acts against multiple victims could constitute a pattern of abuse. The court then pointed out, however, that it had been twenty-eight years since defendant committed a sex offense and that defendant had been out on parole for two periods during that time. Because of the time lapse, the trial court reasoned, these acts carry "considerably less weight than they would have if they were evaluated at the time that they occurred." Tr. at 269.
 {¶ 37} Most significant, however, is the court's finding that defendant was "[n]ow a man in his 50s who doesn't have the kind of — from what I saw here — the kind of vitality that — I don't think he has the vitality to take on a healthy woman." Tr. at 267. The court heard extensive testimony concerning each factor as it applied to defendant and carefully weighed each factor in its decision. Despite defendant's multiple sex offenses over a two-month period in the 1970s, the manifest weight of the evidence does not support a finding that at this time he is a sexual predator. The court was able to personally observe and assess defendant, an advantage we lack in the court of appeals. Even if defendant had posed a future threat at the time he committed the crimes, therefore, the court had the substantial evidence to rule that he no longer posed a threat and no longer fit the profile of a sexual predator. Accordingly, I believe that the third assignment of error should be overruled.